## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JACOB ALLEN MONTEER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:21-CV-756 ACL |
| ABL MANAGEMENT INC., et al., | ) ) ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the motions of plaintiff Jacob Allen Monteer, a pretrial detainee at Phelps County Jail, for reconsideration of this Court's August 12, 2021 partial dismissal and for leave to file an amended complaint. ECF Nos. 15, 16. For the reasons discussed below, the Court will deny plaintiff's motion for reconsideration and permit plaintiff leave to file an amended complaint.

### Background

Plaintiff initiated this action on June 10, 2021 pursuant to 42 U.S.C. § 1983 against four defendants, ABL Management Inc. ("ABL"), Heather Westerfield, Timothy Durbin, and Joe Taylor, in their official and individual capacities. ECF No. 1. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff sought monetary, declaratory, and injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc, *et seq.* ("RLUIPA"); the Detainee Treatment Act of 2005; and 42 U.S.C. § 1983 for First Amendment, Equal Protection, and Due Process violations. Plaintiff alleged he is a practicing Muslim and defendants denied his requests for religious meals.

On August 12, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. ECF No. 10. The Court granted plaintiff's motion to proceed *in forma pauperis*, and directed the Clerk to issue process or cause process to issue upon the complaint as to some of plaintiff's claims against the defendants. The Court, however, dismissed his official capacity claims under 42 U.S.C. § 1983 for failure to state a claim; his individual capacity claims under RLUIPA, the First Amendment Establishment Clause, Due Process, and the Federal Detainee Treatment Act of 2005 against defendants Westerfield, Durbin, and Taylor as legally frivolous or for failure to state a claim; and his individual capacity claims against defendants Durbin and Taylor for First Amendment retaliation as legally frivolous or for failure to state a claim.

The docket sheet in this case reflects that summons were issued to defendants Durbin, Taylor, and Westerfield on August 12, 2021, and to ABL on August 18, 2021. ECF Nos. 12, 14.

**A. Motion to Amend the Complaint**

Plaintiff seeks leave to amend his complaint because he "erred by not including all relevant facts." ECF No. 16 at 2. Plaintiff further asserts that his "Detainee Treatment Act claims should have been XIV Amendment claims." *Id.*

Rule 15 of the Federal Rules of Civil Procedure allows a litigant to amend a "pleading once as a matter of course" until twenty-one days after the original pleading is served. Rule 15 (a)(1)(A). Because plaintiff has not previously filed an amended complaint in this proceeding and service of the original complaint has occurred within twenty-one days of the filing of this motion, plaintiff may "as a matter of course" amend his pending complaint. Therefore, the Court will grant plaintiff's motion to amend.

Plaintiff is warned that the filing of his amended complaint **replaces** the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on this Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must *avoid* naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). **Each averment must be simple, concise, and direct.** *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of

3

the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

**B. Motion for Reconsideration**

Plaintiff has also filed a motion to reconsider the Court's partial dismissal without prejudice of his 42 U.S.C. § 1983 claims against all defendants in their official capacities, as well as the dismissal of his First Amendment retaliation claim against defendant Durbin in his individual capacity. These claims were dismissed on initial review under 28 U.S.C. § 1915(e). *See* ECF Nos. 10, 11.

After reviewing the arguments raised by plaintiff, the Court will decline to alter or amend the judgment of this Court. Plaintiff's motion fails to point to any manifest errors of law or fact, or newly discovered evidence. Instead, the motion can be said to merely revisit the arguments which were addressed by the Court in its August 12, 2021 Memorandum and Order. To the extent

plaintiff is attempting to advance additional facts as to ABL's policies or customs or to clarify his original allegations, including the fact that a vegetarian diet is violative of the Muslim faith, such an approach does not justify reconsideration. *See e.g., Gonzalez v. Wexford Health Sources, Inc.*, Case No. 17-CV-287-NJR, 2017 WL 3454453, at *2 (S.D. Ill. Aug. 11, 2017) (the inclusion of additional facts in a motion for reconsideration does not support relief under Rule 59(e) or Rule 60(b)). Plaintiff is therefore not entitled to reconsideration of the Order of Partial Dismissal in this matter, and his motion will be denied.

The Court notes, however, that because it is plaintiff's intention to file an amended complaint, the amended complaint will replace the original. After the amended complaint is filed, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff chooses to include the dismissed claims in the amended complaint, along with any additional facts he asserts in the instant motion, such claims will be reassessed on initial review of the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days of the date of this Memorandum and Order**, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of this Court's August 12, 2021 Order of Partial Dismissal [ECF No. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order shall not be taken in good faith.

Dated this 27th day of August, 2021.

                                       s/*Abbie Crites-Leoni*
                                       ABBIE CRITES-LEONI
                                       UNITED STATES MAGISTRATE JUDGE