UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB ALLEN MONTEER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-756 ACL |
| | ) | |
| ABL MANAGEMENT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the amended complaint of self-represented plaintiff Jacob Allen Monteer. ECF No. 35. The Court previously granted plaintiff *in forma pauperis* status and is, therefore, required to review the amended pleading pursuant to 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will direct plaintiff to file a second amended complaint to cure the pleading deficiencies.

Also pending before the Court is a motion to dismiss filed by defendants Joe Taylor and Timothy Durbin, ECF No. 36; a motion for judgment on the pleadings filed by defendant Heather Westerfield, ECF No. 41; and plaintiff's motion requesting the court to issue process on ABL Management, Inc. through defendant Westerfield's attorney of record or, in the alternative, determine its address during discovery, ECF No. 39. Because the Court is ordering plaintiff to file a second amended complaint, these pending motions will be denied as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law

or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff, a pretrial detainee at Phelps County Jail (the "Jail"), initiated this action on June 10, 2021 pursuant to 42 U.S.C. § 1983 against four defendants in their official and individual

capacities: ABL Management, Inc. ("ABL"), Heather Westerfield, Timothy Durbin, and Joe Taylor. ECF No. 1. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff sought monetary, declaratory, and injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc, *et seq.* ("RLUIPA"); the Detainee Treatment Act of 2005; and 42 U.S.C. § 1983 for First Amendment, Equal Protection, and Due Process violations. Plaintiff alleged he is a practicing Muslim, defendants denied his requests for religious meal accommodations, and he was subsequently subject to retaliatory conduct.

On August 12, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and granted his motion to proceed *in forma pauperis*. ECF No. 10. The Court directed the Clerk to issue process on some of plaintiff's claims against defendants. The Court, however, dismissed the official capacity claims under 42 U.S.C. § 1983 against all four defendants; the individual capacity claims under RLUIPA, the Establishment Clause, Due Process, and the Federal Detainee Treatment Act against Westerfield, Durbin, and Taylor; and the individual capacity claims for retaliation against Durbin and Taylor.

On August 23, 2021, plaintiff filed a motion for reconsideration of the partial dismissal and a motion for leave to file an amended complaint. ECF Nos. 15, 16. The Court denied the motion for reconsideration because he failed to point to any manifest errors of law or fact, or newly discovered evidence. ECF No. 17. The Court granted his motion to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure because a plaintiff is permitted to amend his pleadings once as a matter of course within twenty-one days of service on the defendants. *Id.* The Court directed plaintiff to file the amended complaint by September 17, 2021,

which he timely filed.[1] ECF No. 35. Thus, the amended pleading is the operative complaint in this action. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("an amended complaint supersedes an original complaint and renders the original complaint without legal effect)."

Because plaintiff is proceeding *in forma pauperis*, the Court must review his amended complaint pursuant to 28 U.S.C. § 1915. *See e.g.*, *Cobb v. Madlock*, No. 1:19-CV-61-SNLJ, 2019 WL 4855179, at *1 (E.D. Mo. Oct. 1, 2019) (reviewing amended complaint under § 1915 although the Court had already performed an initial review on the original complaint and issued a partial dismissal).

## Amended Complaint

Plaintiff's amended complaint names the same defendants in their official and individual capacities: ABL (food contractor for the Jail), Heather Westerfield (dietician and cook), Timothy Durbin (Sergeant), and Joe Taylor (Lieutenant and Jail Administrator). Plaintiff identifies Westerfield as an employee of ABL, and Durbin and Taylor as employees of the Jail.

Plaintiff brings his complaint pursuant to RLUIPA (Count I), the Establishment and Free Exercise Clauses of the First Amendment (Count II), Religious Liberty and Due Process under the Fifth and Fourteenth Amendments (Count III and IV), and retaliation for exercising his religion and free speech (Count V). The Court will summarize his statement of the claim under each count, which includes allegations that were dismissed on initial review of his original complaint for

---

[1] The Court notes defendant Westerfield incorrectly argues in the Motion for Judgment on the Pleadings that the amended complaint was not timely filed. *See* ECF No. 42 at 2. The envelope plaintiff used to mail his amended complaint is postmarked as being sent from the Phelps County Jail on September 17, 2021. *See Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1994) (stating that under the "prison-mailbox rule," the effective date of a *pro se* prisoner filing is "the date the prisoner deposits it in the prison mail system for forwarding to the district court.").

failure to state a claim or legal frivolity because, as mentioned above, an amended complaint supersedes the original complaint.

### 1. Count I: RLUIPA

Plaintiff states he is a practicing Muslim who requires a Kosher diet. Plaintiff alleges Taylor "permits ABL to decide all food and menu policies for the Jail," and the policy created is that "Phelps County inmates cannot have religious meals," which "compels [him] to become vegetarian." Plaintiff states a vegetarian diet is violative of his religion because Muslim doctrine "teaches that animals were created for Mankind to eat." Plaintiff lists some of the food he is served at the Jail, which includes coleslaw, salad, diced carrots, cut green beans, mashed potatoes, oatmeal, cream of wheat, grits, cake, biscuits, white bread, noodles, gravy, pancakes, and milk. He claims these items are not Kosher because his breads must be whole grain and he requires raw fruits and vegetables. Plaintiff also alleges he is denied holiday meals that other inmates are provided. Later in the complaint, plaintiff clarifies that the holidays he refers to are Easter and Christmas.

### 2. Count II: First Amendment – Establishment of Religion and Free Exercise

Plaintiff asserts he is "allowed to observe an annual fast (from sunrise to sunset) during Ramadan[,]" but states he missed Ramadan on two occasions because he is unable to look up when Ramadan begins, and Taylor prevents "the Jailers to tell [him] when Ramadan is." He alleges Taylor "has created policies to refuse [him] . . . clergy visits, group worship, group services, and all Muslim congregation," and ABL designed policies to deny him "religious meals, Muslim holidays (Passover), secular holidays, and meat." Plaintiff again states that a vegetarian meal is violative of his Muslim faith. Plaintiff asserts Westerfield cooks and Durbin distributes Christmas and Easter meals, but they refuse to provide him with these holiday meals because he is Muslim.

Plaintiff further alleges Taylor and Durbin gave him candy canes at Christmas with a note that states, "white stands for purity . . . [and] red stands for Jesus' blood." He appears to claim the candy canes are provided to him in an attempt to convert him to Christianity.

Plaintiff alleges the Muslim faith does not permit him to eat processed foods, and the "diced carrots, coleslaw, salad, cut green beans, and canned corn" he is served are unclean because the kitchen does not physically slice or chop the vegetables. Plaintiff takes issue with the bread, biscuits, and noodles he is served because they are not whole grain and are not made with pure sugar. Plaintiff states he should be provided "with eggs instead of gravy" as long as they are cooked in a clean pan. It is unclear from the complaint how often he has been provided with these allegedly non-Kosher food items.

### 3. Count III: Fifth and Fourteenth Amendments – Religious Liberty and Due Process

Plaintiff alleges "Joe Taylor and ABL have implemented policies that give Christianity special distinctions," and Durbin and Westerfield "make sure these policies are carried out." Plaintiff complains he receives "Christmas gifts," assumably the candy canes, which "invite all inmates to convert to Taylor and Durbin's religion." Plaintiff asserts Taylor decides which holidays the Jail will celebrate, and ABL decides what holiday dinners are appropriate. He alleges Muslim or Jewish holidays are not recognized, but contradictorily states he is permitted to celebrate Ramadan, except for two occasions when he was not notified of the dates. Plaintiff challenges his denial of special Easter and Christmas meals based on his request for a Kosher alternative, and disputes that a vegetarian diet is a suitable substitute for a Kosher meal request. He further claims he has been denied access to a Quran, but does not state who denied him and when he was denied.

*4. Count IV: Fifth and Fourteenth Amendments – Due Process*

Plaintiff alleges he has been denied his due process rights as a pretrial detainee because defendants are punishing him by forcing him to violate his religion. Plaintiff asserts he should be served meat and provided with the same meals other inmates receive on Christmas and Easter. Plaintiff complains he is harassed by other inmates when he does not receive a holiday meal because they "thrust their meat patties under [his] nose" and make fun of his religion. Plaintiff also appears to allege that adhering to a vegetarian diet is unhealthy, but does not explain how the meals he receives are nutritionally inadequate. Plaintiff states he has complained to Taylor and ABL about his need for meat, but they have not responded. Yet, elsewhere in the complaint, he states his grievances were answered, but not responded to in a way that adheres to Jail Policy.

Plaintiff alleges he was punished by Westerfield because she "created a special menu for [him]," which consisted of cornflake burritos for 16 days, rice with jelly for lunch, and vegetable servings for only 6 out of 16 days. During receipt of these meals, plaintiff alleges the harassment by other inmates increased, and Durbin issued him two "false rule violations to punish [him]" and "maliciously search[ed] his cell" while telling him to "go back to the regular menu."

*5. Count V: Retaliation for his Exercising his Religion and Free Speech*

Plaintiff alleges he was subjected to retaliation for requesting Kosher meals. Plaintiff states Durbin violated Jail Policy with false rule violations and malicious searches, and Westerfield provided him with cornflake burritos and rice with jelly. Plaintiff complains that after he began to file grievances, Durbin "deviated from Jail Policy by answering them himself" and provided responses such as "take it up with your lawyer." Plaintiff states Durbin "did not allow hearings for his false rule violations" and would "close his complaints" until his supervisor "made Durbin stop

harassing [him]." Plaintiff further states Durbin provided him with "dirty, stinky towels, bedding, and clothing" and made him purchase his toilet paper from the commissary.

## Discussion

Having thoroughly reviewed and liberally construed the first amended complaint, and for the reasons discussed below, the Court will direct plaintiff to submit a second amended complaint.

## I. RLUIPA Claims

The Religious Land Use and Institutionalized Persons Act provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "The Act defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005) (quoting 42 U.S.C. § 2000cc-5(7)(A)). "'A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.'" *Id.* at 716 (quoting 42 U.S.C. § 2000cc-2(a)). A plaintiff cannot, however, assert an individual capacity claim pursuant to RLUIPA because the statute does not allow for claims against individuals. *Blake v. Cooper*, 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013); *Waff v. Reisch*, 2010 WL 3730114, *11 (D.S.D. July 30, 2010) ("RLUIPA does not authorize individual capacity claims against prison officials"); *Van Wyhe v. Reisch,* 536 F.Supp.2d 1110, 1118 (D.S.D.) (same), *aff'd in part, rev'd in part on other grounds,* 581 F.3d 639 (8th Cir. 2009); *Grayson v.*

*Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity").

As to plaintiff's official capacity claims brought under RLUIPA, the Court finds it necessary for him to submit an amended pleading to clarify his allegations. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Phelps County employs defendants Durbin and Taylor, and ABL employs Westerfield. Within the amended complaint, plaintiff alleges Taylor "permits ABL to decide all food and menu policies for the Jail," and the policy created is that "Phelps County inmates cannot have religious meals." Notably, this allegation directly *contradicts* the facts in his original complaint, in which he explicitly stated the Jail's inmate handbook has a "Religious Meal Preference," Jail Supervisors informed him that the Jail has a Kosher menu, and non-party Staff Sergeant Jackson "agreed that [the] Jail Policy [was] not being followed" by the individual defendants.

Additionally, plaintiff repeatedly alleges that a vegetarian diet is violative of the Muslim faith, however, Eighth Circuit precedent is unsupportive of such a contention. *See e.g.*, *Pratt v. Corr. Corp. of Am.*, 267 F. App'x 482 (8th Cir. 2008) (plaintiff did not show defendants placed a substantial burden on his ability to practice his religion by failing to provide him with halal meat); *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 810-812, n.8 (8th Cir. 2008) (prison's meal plan regulations did not substantially burden Muslim inmate's free exercise rights where inmate had access to only vegetarian entrees, and some of those entrees he had to pay for himself). *See also Williams v. Morton*, 343 F.3d 212, 218 (3d Cir. 2003) (providing vegetarian meals, rather than Halal meals with meat, is rationally related to the legitimate penological interests in simplified food service, security, and staying within the prisons budget).

Moreover, as presently alleged, plaintiff's allegations regarding a denial of Christmas or Easter meals do not state a claim for relief under RLUIPA. Plaintiff does not allege any facts to support how the denial of these two Christian holiday meals would substantially burden his ability to practice his Muslim faith.[2] Plaintiff may only bring claims under RLUIPA which burden him from practicing his specific religion.

## II. Official Claims pursuant to 42 U.S.C. § 1983

Plaintiff's amended complaint indicates he is bringing all claims against defendants in their official capacities. As discussed above, naming defendants in their official capacity is the equivalent of naming their employer. To state a claim against Phelps County, plaintiff must allege that a policy or custom is responsible for violating his constitutional rights, or establish a deliberate indifferent failure to train or supervise. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

As currently pled, plaintiff's amended complaint has not alleged sufficient facts supporting the proposition that his rights were violated due to an unconstitutional policy, custom, or failure to train on the part of Phelps County or ABL. Plaintiff points to no specific Phelps County or ABL "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." To the contrary, throughout his amended complaint, he loosely and vaguely refers to undefined policies. For example, he alleges "Taylor's policies do not afford [him] many opportunities to practice [his] religion," "[b]ecause of Taylor and ABL's policies [he] cannot have a holiday [Christmas or Easter] dinner like the other inmates," and "ABL and Taylor have a policy that threatens to take away [his] Islamic status if I eat meat." It is entirely unclear from the amended complaint, what these policies actually state or how they were officially adopted

---

[2] Plaintiff alleges this same claim under "First Amendment – Establishment of Religion – Free Exercise." *See* ECF No. 3.

by Phelps County. In other words, plaintiff does not include any non-conclusory allegations that Phelps County or ABL created, or were even aware of, a clearly identified policy, custom or practice that caused a constitutional violation. Such vague and conclusory allegations that his injuries were caused by some unidentified unconstitutional policies or customs are insufficient to state actionable *Monell* claims. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Also, as mentioned above, the amended complaint and the original complaint contain noticeable inconsistencies. In the amended complaint, plaintiff alleges the Jail's policy is that inmates cannot have religious meals, but the original complaint explicitly alleged the Jail's inmate handbook provided for a "Religious Meal Preference" and he completed the appropriate religious preference form, but it was the individual defendants who failed to adhere to the handbook.

### III. Individual Claims pursuant 42 U.S.C. § 1983

Plaintiff is first advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards requires only a "*short and plain statement of the claim* showing that the pleader is entitled to relief." (emphasis added). In order to conform to the requirements of Rule 8, plaintiff's complaint must contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under federal "notice pleading" rules, a pleading need only be sufficient to place the opposing party on notice of the possible claims. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). The primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. *Id.* The

complaint must be sufficiently clear so the Court or opposing party "is not required to keep sifting through it in search of what it is plaintiff asserts." *Id.* (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)).

Here, plaintiff's complaint abjectly fails to meet the short and plain statement requirement of Rule 8(a) and is the opposite of "simple, concise, and direct." The statement of the claim jumps around between defendants in a repetitive stream of consciousness narrative, causing the amended complaint to be unclear as to which individual defendant allegedly violated a specific constitutional right and how the defendant was directly responsible for the violation. In the amendment instructions provided below, the Court will direct plaintiff to organize his statement of claim section by writing the defendant's name first and in separate, numbered paragraphs under that name, set forth the specific factual allegations supporting his claim(s) against that specific defendant, as well as the constitutional right or rights that defendant violated.[3] *See* Fed. R. Civ. P. 8(a).

Additionally, many of plaintiff's claims are subject to dismissal because they are conclusory and unsupported. For example, plaintiff alleges "Taylor has created policies to refuse [him] – Muslims – clergy visits, group worship, group services, and all Muslim congregation," but does not explain how or when Taylor prevented such activities. Plaintiff also alleges that "because of Taylor and ABL's policies, he does not receive a Christmas or Easter dinner." Plaintiff does not identify what these "policies" specifically state, and he does not explain how being denied a Christmas or Easter dinner would violate his First Amendment right to practice his religion as a Muslim. Regardless of his self-represented status, plaintiff is required to allege facts in support of his claims, and the Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

---

[3] In this Court's Memorandum and Order, dated August 27, 2021, plaintiff was explicitly directed to submit his amended complaint with the statement of claim in this format. *See* ECF No. 17 at 3.

The Court further notes that in many sections of the amended complaint, plaintiff generally alleges the Jail violated his rights. For example, plaintiff states, "Muslim inmates are in every pod (Jail housing unit) but cannot get Islamic Scripture (the Quaran) from the Jail" and the "Jail notifies Christians when Easter is. It refuses to tell [him] when Ramadan is." These claims are insufficiently pled against the named defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent plaintiff intends to bring claims against defendant Taylor merely due to his role as the Jail Administrator, such claims cannot stand. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

Plaintiff also attempts to reassert his Establishment Clause claims, with no additional facts, which the Court previously found insufficient to state a claim on initial review of his original complaint. *See* ECF No. 10 at 10-12. Plaintiff again alleges that for the past three years he has been given a "Christmas gift" in the form of a candy cane. He states the message accompanying the gift is "insulting" because it indicates the candy cane represents Jesus as the "white stands for purity" and the "red stands for Jesus' blood." Plaintiff believes the candy is given to him for the purpose of convincing him to convert to Christianity. As this Court has previously determined, this allegation does not rise to the level of a constitutional violation as he fails to assert a plausible claim of coercion on behalf of defendants to support or participate in a particular religion or its exercise. *Id.* at 11 (citing *Blagman v. White*, 112 F. Supp. 2d 534, 540-41 (E.D. Va. 2000), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001) (holding public holiday of Christmas Day is secular and does not

violate the Establishment Clause; *Torricellas v. Poole*, 954 F.Supp. 1405, 1411-12 (C.D. Cal. 1997), *aff'd*, 141 F.3d 1179 (9th Cir. 1988) (prison Christmas party did not violate establishment clause)). *See also Florey v. Sioux Falls School Dist.*, 619 F.2d 1311, 1317 n. 5 (8th Cir. 1980) (Christmas carols have non-religious cultural significance).

Similarly, plaintiff also attempts to reassert his due process and retaliation claims against defendants Durbin and Taylor, which the Court found insufficient to state a claim on initial review of his original complaint. *See* ECF No. 10 at 12-14. Plaintiff complains that after he began to file grievances regarding his vegetarian meals, Durbin "deviated from Jail Policy by answering them himself" and provided responses such as "take it up with your lawyer." Plaintiff states Durbin "did not allow [him] hearings for his false rule violations" and would "close his complaints" until his supervisor "made Durbin stop harassing [him]." Elsewhere in the complaint, plaintiff states Taylor and ABL "won't even respond."

As this Court has previously determined, these allegations do not rise to the level of a constitutional violation. To the extent plaintiff, alleges Durbin violated Jail Policy, "there is no constitutional liberty interest in having . . . prison officials follow prison regulations." *Phillip v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (1996)). "Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the state believes it can best determine how he should be confined.'" *Id.* (citing *Kennedy*, 100 F. 3d at 643). Additionally, the manner in which his grievances are handled cannot form the basis for a constitutional violation. "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. July 18, 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights.

Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." *Id. See also Hale v. Cooper*, Case No. 1:12-CV-188 SNLJ, 2013 WL 170735, at *2 (E.D. Mo. Jan. 16, 2013) ("refusal to provide plaintiff with a grievance form does not state a claim for relief"). Therefore, plaintiff's claim regarding the failure to follow jail policy or the handling of his grievances are subject to dismissal.

In submitting his second amended complaint, plaintiff must limit his statement of the claim to include only short and plain statements of non-conclusory allegations. Plaintiff should not include allegations that are legally frivolous and/or fail to state a claim as discussed herein and in the Court's Memorandum and Order, dated August 12, 2021. *See* ECF No. 10.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the section of the form, titled "The Parties to this Complaint," plaintiff is directed to list each defendant named in the "Caption" and provide a valid address. Rule 4(m) of the Federal Rules of Civil Procedure require a defendant to be served within ninety days after a complaint is filed. If plaintiff does not provide appropriate addresses for service of the second amended complaint and a defendant fails to be served due to plaintiff's omission, the Court may, upon a motion or on its own after notice to the plaintiff, dismiss the action without prejudice against that defendant.[4]

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated.** *See* Fed. R. Civ. P. 8(a). **Each averment must be simple, concise, and direct.** *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

**It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him.** *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the

---

[4] The Court notes the docket sheet reflects that the law firm of Fox Smith, LLC erroneously filed an Entry of Appearance on behalf of defendant ABL Management. *See* ECF No. 26. As of the date of this Memorandum and Order, ABL is the only defendant who has not been served with the original and amended complaint in the instant action.

opposing party fair notice of the nature and basis or grounds for a claim."). Merely stating that a defendant has an undefined "policy" does not sufficiently allege personal involvement. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must also not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Plaintiff is also directed to complete the form complaint in its' entirety, including the physical injuries he has sustained directly from his stated allegations. An action pursuant to 42 U.S.C. § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). The Prison Litigation Reform Act ("PLRA") states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a *de minimis* physical injury.").

**IT IS HEREBY ORDERED** that plaintiff must file a second amended complaint on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendants Timothy Durbin and Joe Taylor [ECF No. 36] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings filed by defendant Heather Westerfield [ECF No. 41] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for the Court to Issue Process on the First Amended Complaint against ABL Management, Inc. [ECF No. 39] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 15th day of November, 2021.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE