UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB ALLEN MONTEER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21CV756 HEA |
| ) | |
| TIMOTHY DURBIN, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the court on remaining Defendant Timothy Durbin's Motion for Summary Judgment, [Doc. No. 110]. Plaintiff has failed to respond to the motion. For the reasons articulated below Defendant's Motion will be granted.

**Facts and Background**

Plaintiff filed this action under the provisions of 42 U.S.C. § 1983 alleging that his constitutional right of religious freedom was violated when he was a pretrial detainee at the Phelps County Jail. Plaintiff claims he was retaliated against after he requested a Kosher meal based on his Muslim religion.

Defendant moved for summary judgment on August 24, 2023, filing with his Motion a Memorandum in Support and a Statement of Uncontroverted Material Facts ("SOF"). Plaintiff filed no opposition whatsoever to Defendant's Motion. Under the Local Rules, Plaintiff's failure to respond in any fashion to Defendants' Motion means that "[a]ll matters set forth in [Defendants' SOF] shall be deemed

admitted for purposes of summary judgment." L.R. 4.01(E); *see also Freeman v. Adams*, No. 1:12-cv-86-SNLJ, 2014 WL 1056760, at *5 n.4 (E.D. Mo. Mar. 19, 2014) ("The movant's [] facts are deemed admitted if not specifically controverted by the party opposing the motion with specific references to portions of the record as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).").

The Court will thus set out the undisputed factual background as supplied by Defendant in his Motion and SOF.

On October 4, 2019, Plaintiff was booked into the Phelps County Jail. On December 6, 2021, he was released to the custody of the Cole County Jail.

Defendant was a sergeant at Phelps County Jail during the time Plaintiff was being held.

Plaintiff alleges in his Second Amended Complaint that Durbin violated his First Amendment right while incarcerated in the Phelps County Jail by retaliating against him for requesting religious meals. He alleges that in response to his request to be placed on the religious meal plan, Defendant retaliated against him by citing Plaintiff for two false rule violations and by searching his cell three times between May 8, 2021 and May 24, 2021. Plaintiff alleges that these rule violations resulted in a 7-day lockdown period for communicating with jail pods and a 3-day lockdown period for looking out the window between May 8, 2021 and May 24, 2021.

On May 7, 2021, Plaintiff requested to be placed on a religious meal plan. Between May 8, 2021, and May 22, 2021, Plaintiff submitted sixty-five different complaints about the food the jail served him.

On May 10, 2021, Plaintiff informed Defendant that he believed Defendant was harassing him without stating the basis for that. Defendant informed his supervisor of Plaintiff's harassment allegations against him within thirty minutes of receiving Plaintiff's complaint.

Between May 10, 2021, and May 25, 2021, Plaintiff filed twenty additional complaints against Defendant. Between May 10, 2021, and May 22, 2021, Plaintiff also filed forty-seven complaints about the food he was served, alleging that the meals were not kosher and that he was entitled to receive meat as part of his meals. Plaintiff repeatedly filed complaints against Defendant until May 24, 2021, when Plaintiff believed Defendant was no longer retaliating against him.

Defendant did not cite Plaintiff with any rule violations because of his requests to be placed on a religious meal plan. The only rule violations Defendant issued Plaintiff were on February 20, 2021, and April 27, 2021.

On February 20, 2021, before Plaintiff's first request for a religious meal plan or complaint against Defendant, Defendant issued Plaintiff the first rule violation for attempting to steal a second breakfast plate.

Phelps County Jail's policy requires that a member of the Jail Supervisory

3

Staff, an impartial decision maker, review inmates' appeals of a rules violation, that is the sergeant or corporal that issued the inmate a rule violation cannot decide the inmate's appeal.

Plaintiff appealed the February 20, 2021 rule violation, but the appeal was denied by Corporal Wagner as the impartial decision maker.

On April 27, 2021, Defendant issued Plaintiff the second of two rule violations for pushing a note through a fire door into another pod.

Defendant never issued Plaintiff a false rule violation for any reason, including retaliation for requesting meals that align with Plaintiff's religious beliefs. Every rule violation Durbin issued Plaintiff was because Defendant witnessed Plaintiff violating Phelps County Jail's rules.

Defendant never searched Plaintiff's cell in retaliation for any reason, including retaliation for his requesting meals that align with his religious beliefs. Defendant searched Plaintiff's cell as part of a routine search of Plaintiff's pod, or due to suspicion that there was contraband within the pod, such as when Defendant searched Plaintiff's cell after Plaintiff was found to be in possession of a shank on October 2, 2021. Phelps County Jail policy requires that whenever one cell in a pod is searched, all cells must be searched. Defendant would not search, and had no incentive to search, an inmate's cell in retaliation because doing so would

4

require that all cells in the pod be searched, which would be an unnecessary hardship on the jail's staff.

Defendant never acted with retaliatory intent against Plaintiff for any reason, including Plaintiff exercising his First Amendment rights.

## Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.* "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply

5

show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

## Discussion

Defendant moves for summary judgment based upon Plaintiff's complete

lack of any evidence of retaliation. The record establishes that the rule violations Defendant issued to Plaintiff predate Plaintiff's request for religious meal accommodations. Ergo, it is not possible for Defendant to have retaliated against Plaintiff because of Plaintiff's religious meal request.

Likewise, Plaintiff has failed to controvert Defendant's unequivocal denial of retaliation. Defendant has submitted his affidavit wherein he avers he has never issued Plaintiff a false rule violation in retaliation for requesting meals that align with his religious belief or for any reason. Each rule violation Defendant issueds was based on Defendant's witnessing Plaintiff violating Phelps County Jail rules. With regard to the search of Plaintiff's cell, Defendant avers he only searched Plaintiff's cell as part of a routine search or due to suspicion that Plaintiff possessed contraband in the cell. Indeed, that suspicion produced the discovery of a shank on October 2, 2021.

**Qualified Immunity**

Defendant argues he is entitled to qualified immunity. "Qualified immunity shields government officials from liability unless their conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When a defendant asserts qualified immunity at the summary judgment stage, the plaintiff must produce evidence sufficient to create a genuine

issue of fact regarding whether the defendant violated a clearly established right. *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir.2011)." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013)  Qualified immunity involves a two-part "inquiry to determine (1) whether a constitutional violation occurred, and (2) whether the right in question was clearly established at the time of the violation. *Nord v. Walsh Cnty.*, 757 F.3d 734, 738 (8th Cir. 2014)." *Noon v. City of Platte Woods, Missouri*, No. 22-3668, 2024 WL 903191, at *2 (8th Cir. Mar. 4, 2024).

The record establishes Defendant is entitled to qualified immunity. Defendant's issuance of the rule violations and the searches clearly did not violate Plaintiff's religious rights. The rule violations predated the request for Kosher meals, therefore, they could not have been issued in retaliation. The searches of Plaintiff's cell were routine and on the suspicion of contraband. Plaintiff presents no evidence that either of the stated reasons are false or that the searches were in retaliation for Plaintiff's request for meal accommodations. If a defendant raises a qualified immunity defense in a summary judgment motion, "the plaintiff must produce evidence sufficient to create a genuine issue of fact regarding whether the defendant violated a clearly established right." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013). Plaintiff has failed to produce such evidence of a genuine dispute as to whether Defendant violated a clearly established constitutional right.

**Conclusion**

Plaintiff has failed to present a violation of any constitutional rights, and therefore, Defendant is entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 110] is **GRANTED**.

A separate judgment is entered this same date.

Dated this 8th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE